## HENRY SCOTT *vs.* JOHN HALE.

In an action to recover damages for the loss of a building by fire, occasioned by the negligence of the defendant, the testimony of witnesses offered on his part " that he was very careful with fire, that they never discovered any carelessness in him about taking care of his fires during the time they were at his house, which was immediately before the fire," is inadmissible.

THE substance of the declaration, and the whole of the bill of exceptions relative to the admission of the testimony objected to, and for the admission of which alone the new trial was granted, are found in the opinion of the Court. Other questions were raised at the trial before SHEPLEY J., stated in the exceptions, and argued, but need not be given here, as the decision was not founded upon the consideration of them.

*J. Appleton,* for the plaintiff, contended that the testimony objected to was inadmissible. It was evidence of the general character of the defendant as to his carefulness in regard to fires, which should not have been permitted. In no case is general character admissible to prove the performance of a duty, or to enable the party to escape from the consequences of his negligence or misconduct. 2 *Stark. Ev.* 366; 7 *Conn. R.* 116; 5 *Sergt. & R.* 322; 6 *Munroe,* 136; 16 *Wend.* 646; *Jurist, No.* 35, 165; 2 *Dana,* 418; *Com.* v. *Worcester,* 3 *Pick.* 462. The testimony was inadmissible, because the witness should testify to facts, and not to his conclusions from facts. Different persons may draw different conclusions from the same facts, and it is the province of the jurors, and not of the witnesses. In giving opinion, and not facts, there

is no way of disproving the statements. 3 *Dane,* 281; 1 *Ayliffe,* 113.

*Rogers,* for the defendant, contended, that the testimony was rightly admitted. The jury may infer negligence by general habits, and it may be repelled by the same kind of proof. It may not be possible to prove negligence at the precise time the fire happened, and the jury may properly infer it at the time from his being generally negligent. So too, the defendant may not be able to prove his careful conduct at the moment, and can only prove his general habits of carefulness. The question whether there was negligence or not, is a question of fact for the determination of the jury ; and whether the defendant was negligent or careful generally, is one fact proper for their consideration.

The opinion of the Court was drawn up by

EMERY J. — The plaintiff in a declaration containing two counts, in one represents himself as seized, and possessed of a certain tract of land in *Foxcroft,* on which was a dwellinghouse and a store, on the 1st of *Oct.* 1832, which dwellinghouse he then at the defendant's request, suffered and permitted him to occupy as tenant at will, that on the 1st of *June,* 1833, *Hale* of his own motion, and for his own convenience, erected on the plaintiff's land, a building additional to and adjoining to the plaintiff's said dwellinghouse, and in the building so erected by the defendant, he built a chimney and oven badly, and of bad materials, that they were and became unsafe and dangerous, and for that reason, all the buildings in great danger of being burned and destroyed, of which *Hale* had notice, but he continued to occupy the dwellinghouse as tenant at will of the plaintiff till the 7th of *Jan.* 1836, when the plaintiff terminated it on his part, and gave *Hale* due notice in writing to quit and surrender up the premises to the plaintiff, which *Hale* refused, and continued to occupy the dwellinghouse afterward, against the plaintiff's will, till the 19th of *March,* 1836, the chimney and oven not having been rebuilt or repaired, carelessly and negligently put and kindled a fire by himself and his servants, which fire, by reason of the defective, dangerous and unsafe state of said chimney and oven, escaped from said chimney and oven, communicated to the building erected by said *Hale,* which was burnt and consumed,

and communicated from that to the dwellinghouse and store of the plaintiff, and consumed them.

The other count alleges the occupation as tenant at will, and the promise of *Hale* to use reasonable diligence to keep and preserve the dwellinghouse from all losses by fire, and that intending to injure and defraud the plaintiff, the defendant being in possession, carelessly and negligently put and kindled a fire in the chimney and oven, knowing it unsafe and dangerous, and the dwellinghouse and store of the plaintiff was burnt and consumed by reason of the said *Hale's* carelessly, negligently and fraudulently kindling the fire, knowing the chimney and oven to be dangerous and unsafe. In the second count, nothing is said of notice to quit, but *Hale* is described as the plaintiff's tenant at will, till the 19th day of *March* aforesaid.

The jury have found that the defendant did exercise by himself and those under his control in all his conduct, *that degree of carefulness which a discreet and prudent and careful man would do in the possession of his own premises,* and that the buildings were not consumed in any mode stated in the declaration, by reason of neglect or failure of the defendant and his servants to exercise that degree of care. This conclusion is irresistible from the verdict. The jury were instructed, " *that if from the testimony they believed that the defendant and his servants failed to exercise that degree of care,* and the fire happened and the buildings were consumed in any mode stated in the declaration, by reason of such neglect, then the defendant would be liable to pay such loss, and they would find for the plaintiff, the amount of the injury he had suffered."

We think this was a most liberal instruction in favor of the plaintiff. But we forbear now to go more minutely into the discussion of questions argued, not because they have not occupied our attention, for they have. Yet we find ourselves reluctantly obliged to sustain the exceptions on one point, and to set aside the verdict and grant a new trial.

The exceptions say, " that the defendant proved by witnesses that said *Hale* was very careful with fire, that they never discovered any carelessness in him about taking care of his fires during the time they were at his house, which was immediately before the fire,

to all which evidence and all evidence of a similar nature, the plaintiff's counsel objected, but his objections were overruled."

From the manner in which these exceptions come, it would seem that nothing, in effect, more than the opinion of witnesses was presented by them to the jury, instead of facts. And it does not appear that the witnesses came within the description of *experts*, whose opinions are admitted frequently in evidence. 1 *Norris' Peake's Evidence*, 278; 10 *Bing.* 57, *Chapman et al.* v. *Walton*; *Roscoe's Criminal Evidence*, 136, 137, *and notes*.

The plaintiff must judge whether he can probably alter the result of the present verdict.

*Exceptions sustained, verdict set aside, and new trial granted.*